UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HILARY BEST,

                        Plaintiff,

    – against –

WARDEN CLARENCE NEWTON,
CAPTAIN MORRIS, and
CAPTAIN MARTIN,

                       Defendants.

**OPINION AND ORDER**

15 Civ. 4316 (ER)

Ramos, D.J.:

*Pro se* Plaintiff Hilary Best brings this action against Defendants Warden Clarence Newton ("Warden Newton"), Captain Morris ("Morris"), and Captain Martin ("Martin") for alleged violations of his constitutional rights during disciplinary proceedings that took place while Plaintiff was confined at the Otis Bantum Correctional Center ("OBCC").

Before the Court is Warden Newton's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 15).[1] For the reasons discussed below, Warden Newton's motion to dismiss is GRANTED.

---

[1] Pursuant to Federal Rule of Civil Procedure 4(m), the Court *must* dismiss an action without prejudice against defendants who are not served within 90 days of the filing of a complaint or order that service be made within a specified time. Fed. R. Civ. P. 4(m); *see also Zapata v. City of New York*, 502 F.3d 192, 193 (2d Cir. 2007). Here, Defendants Morris and Martin have not been properly served or waived service and have not responded to the Complaint. *See* Doc. 8. Since the time to serve Defendants has long elapsed, the Court dismisses Plaintiff's complaint against Defendants Morris and Martin without prejudice.

## I. Factual Background[2]

On April 2, 2012, while a pre-trial detainee at OBCC, Plaintiff was assaulted by another inmate in an unprovoked attack. Pl. Opp. at ¶ 7; Compl. at 3. Officer Bellino, who claimed to have witnessed the altercation, wrote and signed a Report and Notice of Infraction that day charging Plaintiff with fighting in violation of Department of Corrections ("DOC") regulations. *Id.*

Inmate disciplinary infractions are processed pursuant to The City of New York DOC's Inmate Disciplinary Due Process Directive, a detailed and comprehensive process for both the disciplinary hearing and the appeals process.[3] Directive 6500R-B states that once an employee prepares a Report and Notice of Infraction, the employee must notify a supervising officer to conduct an investigation. Directive 6500R-B at 1. At the conclusion of the investigation, the investigating supervisor must write an official report and give notice to the inmate of any resulting infraction, no later than three business days after the incident. *Id.* at 2. If the supervisor decides there is reasonable cause to proceed with a hearing, the inmate must be served with a

---

[2] The Court accepts the following allegations from the Complaint ("Compl.") (Doc. 2), and Plaintiff's Affidavit in Opposition to Defendants' Motion to Dismiss ("Pl. Opp.") (Doc. 24), as true for purposes of this motion. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012); *Vail v. City of New York*, 68 F. Supp. 3d 412, 427 (S.D.N.Y. 2014) ("Where new allegations in a *pro se* plaintiff's opposition memoranda are consistent with the allegations contained in the Complaint, they may be read as supplements to the pleadings.") (citation omitted).

[3] *See* N.Y. City Dep't of Corr., Inmate Disciplinary Due Process, Directive No. 6500R-B ("Directive 6500R-B"). The NY DOC has updated this Directive twice since Plaintiff filed his Complaint in May 27, 2015. Directive 6500R-B, the version in place at the time of the filing, became effective on March 29, 2006 and continued in effect until September 16, 2015. The Court may rely on Directive 6500R-B because it is incorporated by reference in the Complaint. *See DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010); *see also Seymore v. City of New York*, No. 12 Civ. 6870 (GBD) (HBP), 2014 WL 1259563, at *3 (S.D.N.Y. Mar. 26, 2014) (noting that at motion to dismiss stage, Magistrate Judge "correctly took judicial notice" of the DOC's Inmate Grievance and Request Program Directive); *see also Mitchell v. Dep't of Correction*, No. 05 Civ. 5792 (JSR) (HBP), 2008 WL 744041, at *1 (S.D.N.Y. Feb. 20, 2008) (relying on Directive 6500 dated March 29, 2006 for disciplinary penalties imposed on pretrial detainees), *Taylor v. Santana*, No. 05 Civ. 1860 (AKH), 2007 WL 737485, at *2 (S.D.N.Y. Mar. 6, 2007), *aff'd sub nom. Taylor v. Comm'r of New York City Dep't of Corr.*, 317 F. App'x 80 (2d Cir. 2009) (relying on Directive 6500 for inmate disciplinary proceeding process).

copy of the Report and Notice of Infraction at least twenty-four hours before the commencement of the hearing.  *Id.* at 3.  The inmate will also be asked to sign the Report and Notice of Infraction as proof of receipt.  *Id.*  If on the day of the hearing the inmate has not been served, the Captain overseeing the hearing will personally serve the inmate with a copy and adjourn the hearing until the twenty-four hour notice period has elapsed.  *Id.* at 3, 9.

At the disciplinary hearing, the inmate is afforded several rights, including the right to appear, make statements, present material evidence, and present witnesses.  *Id.* at 10.  Although the Captain should make reasonable efforts to conclude the hearing in one session, adjournments may be granted if an inmate requests additional time to locate witnesses or prepare his defense.  *Id.* at 16.  When a case is adjourned, the adjournment and the underlying reason for it must be stated on the record and noted on the Hearing Report and Notice of Disciplinary Disposition.  *Id.*  A disposition must be reached within five days after the conclusion of the hearing and a copy of the disposition must be served on the inmate within one business day.  *Id.* at 17.

An inmate who is found guilty at a disciplinary hearing has the right to appeal an adverse decision within two business days of receipt of the Notice of Disciplinary Disposition.  *Id.* at 11.  An appeal is filed by submitting Form 6500H.  *Id.* at 19, Attachment H.  If the inmate is given a penalty of less than thirty days in punitive segregation, the inmate must appeal to the Commanding Officer of the Institution in which the infraction occurred.  *Id.* at 20.  If an inmate is given a penalty of thirty days or more in punitive segregation, the inmate must appeal to the General Counsel.  *Id.*  A decision on the appeal must be rendered and delivered to the inmate within five business days after receipt of the appeal by the Warden or General Counsel.  *Id.*  If an inmate's appeal is not decided within ten business days after the appeal is submitted, the inmate may file an Article 78 proceeding.  *Id.*

Plaintiff's disciplinary hearing was held on April 10, 2012.  Compl. at 3  At the hearing, over which Martin presided, Plaintiff told Martin, that he had not been served a copy of the infraction report.  *Id.*  Martin then served Plaintiff with a copy of the report and adjourned the hearing to give Plaintiff the required twenty-four hours to review the charge.  *Id.*

The next day, on April 11, 2012, the hearing was recommenced, at which time Plaintiff told Martin that the handwriting on the infraction report, presumably prepared by Officer Bellino, and the handwriting of the investigating captain, Morris, appeared to be identical.  *Id.* Plaintiff requested that both Officer Bellino and Morris be produced as witnesses at the hearing. *Id.*  Plaintiff also denied the charges, claiming that he was assaulted by another inmate as "a result of a third inmate's mischievous act."  *Id.* at 4.  The hearing was again adjourned to obtain Plaintiff's requested witnesses, but was never recommenced.  *Id.*

Notwithstanding that the hearing was never recommenced, on April 17, 2012, Plaintiff was served with a copy of the disposition of the disciplinary hearing.  *Id.*  The disposition was based on Martin's findings, which relied on Officer Bellino's written report and Morris's subsequent investigation.  *Id.*  The disposition found Plaintiff guilty of fighting and imposed fifteen days of punitive segregation and a twenty-five dollar surcharge, which was deducted from Plaintiff's inmate account.  *Id.*

On April 18, 2012, Plaintiff sent a letter[4] to Warden Newton appealing the disciplinary disposition.  *Id.* at 5.  In his letter, he sought reversal of the disposition on several grounds, including that the disposition contained false statements, and that Plaintiff was deprived of (1) the opportunity to question witnesses and (2) an impartial hearing officer, in violation of

---

[4] For purposes of the instant motion, the Court assumes that the "letter' Plaintiff sent to Warden Newton was an adequate method of appealing the adverse determination, in light of the fact that the guidelines require that an appeal be made using a particular form.  *See also infra*, note 5.

4

Directive 6500. *Id.* at 5-6. Plaintiff also claimed that it was unconstitutional for the DOC to impose the surcharge because it would deprive him of property without due process of law. *Id.* at 6.

According to Plaintiff, a reply to his letter was due within thirty days of his submission. *Id.* While Plaintiff, by his reckoning, should therefore have received a reply by May 18, 2012, he never received a reply to his appeal. *Id.* However, Plaintiff never filed an Article 78 proceeding, and did not file the instant Complaint until May 27, 2015, more than three years after the deadline to issue a response to his appeal.

## II. Procedural History

Plaintiff commenced this action on May 27, 2015, alleging that the disciplinary proceeding was unconstitutional because it was commenced less than twenty-four hours prior to Plaintiff being served with a copy of the infraction; the infraction report was written by Morris, who did not witness the alleged incident; and the infraction report was not signed by Officer Bellino, the alleged author. *Id.* at 5-6. Plaintiff also argues that following the second adjournment, he was denied the opportunity to call and cross-examine witnesses and was not served the disposition within twenty-four hours of the hearing's completion. *Id.* at 6. Lastly, Plaintiff contends that Warden Newton did not timely respond to his appeal. *Id.* At the time he filed the instant Complaint, Plaintiff was no longer incarcerated. *Id.* at 1.

On December 11, 2015 the Court granted Warden Newton's request for leave to file a motion to dismiss, which was filed on January 11, 2016. Warden Newton's motion is based on the fact that Plaintiff's due process claims are time-barred; that he was not personally involved in the deprivation of Plaintiff's constitutional rights; and that Plaintiff's procedural due process

claims fail as a matter of law. Defendant Newton's Memorandum of Law ("Def. Memo.") at 1-2.

## III. Standard of Review

### A. 12(b)(6) Motion

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept as true all of the factual allegations from the complaint, and draw all reasonable inferences in the plaintiff's favor. *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014). However, this requirement does not apply to legal conclusions, bare assertions, or conclusory statements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint must adhere to Rule 8(a), which has been interpreted to require that it contain enough factual matter for the claim to be plausible on its face. *Id.* (citing *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Rule 8(a) "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. If the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [the] Complaint must be dismissed." *Twombly*, 550 U.S. at 570.

The same standard applies to motions to dismiss *pro se* complaints. *See Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010). However, the Court is also obligated to construe a *pro se* complaint liberally and to interpret a *pro se* plaintiff's claims as raising the strongest arguments that they suggest. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam). The obligation to be lenient while reading a *pro se* plaintiff's pleadings "applies with particular force when the

plaintiff's civil rights are at issue." *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). "However, even *pro se* plaintiffs asserting civil rights claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level." *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). A complaint that "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks and brackets omitted); *see also Triestman*, 470 F.3d at 477 ("*[P]ro se* status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'") (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)) (internal quotation marks omitted).

## IV. Discussion

Plaintiff's complaint alleges causes of action under 42 U.S.C. § 1983 and New York state and city laws arising out of his disciplinary proceedings and subsequent punishment. Warden Newton argues that all of Plaintiff's claims are time-barred under the applicable statute of limitations.

### A. Plaintiff's Claims are Time-Barred

Section 1983 claims are governed by state statutes of limitations for personal injury actions. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In New York, Section 1983 claims are subject to a three-year statute of limitations. *See Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (citing New York Civil Practice Law and Rules § 214(5)); *see also Fairley v. Collins*, No. 09 Civ. 6894 (PGG), 2011 WL 1002422, at *3 (S.D.N.Y. Mar. 15, 2011). While state law determines the applicable limitations period of a section 1983 claim, federal law governs the accrual date. *Pearl*, 296 F.3d at 80; *Singleton v. City of New York*, 632 F.2d 185,

191 (2d Cir. 1980). Under federal law, a cause of action accrues "when the plaintiff knows or has reason to know" of the injury which is the basis of his action. *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994); *see also Singleton*, 632 F.2d at 191.

### i. Exhaustion of Administrative Remedies[5]

Before a prisoner can bring his Section 1983 action in federal court, the prisoner must first exhaust the administrative remedies available to him. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted."); *Davis v. Barrett*, 576 F.3d 129, 131-32 (2d Cir. 2009) (analyzing plaintiff's exhaustion of administrative remedies pursuant to 42 U.S.C. § 1997e(a)). The exhaustion requirement for disciplinary hearings is satisfied, not through the prisoner grievance program, but rather through an administrative appeal to the warden of the facility.[6] *See Williams v. Roberts*, No. 9:11 Civ. 0029 (GTS) (RFT), 2011 WL 7468636, at *5

---

[5] It is well established that the failure to exhaust administrative remedies is an affirmative defense not a pleading requirement, as such, defendants bear the burden of demonstrating that a plaintiff failed to exhaust administrative remedies before pursuing his action in federal court. *See Grullon v. City of New Haven*, 720 F.3d 133, 141 (2d Cir. 2013) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)). Additionally, like other affirmative defenses, "failure to exhaust may be grounds for dismissal under Rule 12(b)(6) if the defense appears on the face of the complaint." *Walker v. Vargas*, No. 11 Civ. 9034 (ER), 2013 WL 4792765, at * 4 (S.D.N.Y. Aug. 26, 2013). Here, because Warden Newton does not assert an exhaustion defense, and any failure to exhaust is not evident on the face of the Complaint, the Court will not determine whether Plaintiff properly exhausted his administrative remedies at this stage. *See Pratt v. City of New York*, 929 F. Supp. 2d 314, 318 (S.D.N.Y. 2013) (holding that "scope of proper [ ] procedure, whether the plaintiff followed that procedure properly, and [possible excuses for nonexhaustion]" should not be determined on a motion to dismiss).

[6] Under New York's Inmate Grievance and Request Program ("IGRP"), "dispositions stemming from a program or procedure that has its own departmental administrative or investigative process are not subject to the IGRP process." *See* N.Y. City Dep't of Corr., Inmate Grievance and Request Program, Directive No. 3376 at 5. Thus, Plaintiff's due process claim arising from his disciplinary hearing and disposition is "non-grievable." *See* N.Y. City Dep't of Corr., Inmate Grievance and Request Program, Directive No. 3376, at Appendix A (listing "inmate disciplinary process and disposition" as not subject to the IGRP and requiring appeal to the Deputy Warden of Security); *see also Sweet v. Wende Corr. Facility*, 514 F. Supp. 2d 411, 413 (W.D.N.Y. 2007) ("Where an inmate's federal claims arise directly out of a disciplinary or administrative segregation hearing, . . . (e.g., a claim of denial of procedural due process), he exhausts his administrative remedies by presenting his objections in the administrative appeals process,

8

n.12 (N.D.N.Y. Dec. 15, 2011) (Report & Recommendation), *adopted*, 2012 WL 760777 (N.D.N.Y. Mar. 7, 2012) (noting that the exhaustion requirement for disciplinary hearings "is satisfied not through the prisoner grievance program but through administrative appeal"); *see also* Directive 6500R-B at 20 (allowing prisoner to bring Article 78 proceeding after filing appeal and barring DOC from claiming exhaustion defense at Article 78 proceeding when DOC failed to respond to prisoner's appeal within ten days).

### ii. Accrual

For procedural due process actions related to disciplinary hearings, courts in the Second Circuit generally set the accrual date at the date of the disciplinary hearing. *Lenihan v. Keane*, No. 93 Civ. 8914 (MGC), 1995 WL 28513 at *2 (S.D.N.Y. Jan. 25, 1995) (dismissing claim as time-barred because Section 1983 action in which prisoner alleged denial of due process in connection with a disciplinary hearing, accrued on the day of his disciplinary hearing); *see also Williams v. Roberts*, 2011 WL 7468636, at *5 (N.D.N.Y. Dec. 15, 2011) (holding that plaintiff's 1983 due process claims accrued on date of disciplinary hearings and dismissing claims as time-barred); *Allah v. Kelly*, No. 96 Civ. 323A (H), 1998 WL 386390, at *2 (W.D.N.Y. May 18, 1998) (finding that plaintiff's 1983 due process claims accrued on the day of his disciplinary hearing).

However, some courts in this District have discounted, for statute of limitations purposes, the time a plaintiff has spent exhausting his administrative remedies. *See, e.g.*, *Anderson v. Romano*, No. 08 Civ. 0559 (JSR) (KNF), 2009 WL 602965, at *4 (S.D.N.Y. Mar. 6, 2009) (finding that plaintiff's deliberate indifference claim was timely because he filed it less than three

---

not by filing a separate grievance instead of or in addition to his ordinary appeal.") (internal quotation and citations omitted).

years after he received a final decision on his grievance); *see also Baez v. Pinker*, No. 13 Civ. 9165 (KBF), 2015 WL 3457277, at *4 (S.D.N.Y. June 1, 2015) (finding a prisoner's procedural due process claims accrued no later than the date on which the director confirmed the hearing officer's determination, exhausting the prisoner's administrative remedies); *Odom v. Calero*, No. 06 Civ. 15527 (LAK) (GWG), 2008 WL 449677, at *6-7 (S.D.N.Y. Feb. 19, 2008) (considering—in discussion of the accrual date of a prisoner's procedural due process claim—the dates of the treatment of his appeals); *LeBron v. Swaitek*, No. 9:05 Civ. 0172 (GLS) (DRH), 2007 WL 3254373, at *2 (N.D.N.Y. Nov. 2, 2007) (finding a prisoner's procedural due process causes of action accrued, at the latest, on the dates that his administrative appeals were denied).

Clearly, if we measure accrual from the date of the hearing, April 11, 2012, or the date of the disposition, April 17, 2012, the Complaint is time-barred because it was filed more than three years later, on May 27, 2015. However, even assuming that the limitations period was tolled while Plaintiff filed his appeal, his Complaint is still barred. Here, while Plaintiff, mistakenly, alleges that Warden Newton was required to respond to his appeal within thirty days,[7] Compl. at 6, the applicable disciplinary procedure in place at the time of the hearing specifically provides that Warden Newton was required to respond within five business days after receipt of the appeal. *See* Directive 6500R-B at 20. Because Plaintiff's appeal had not been decided within ten business days after his submission, Plaintiff did not have to wait for a response from Warden Newton because his administrative remedies were deemed fully exhausted and he was free to file

---

[7] Plaintiff's mistaken belief that Warden Newton was required to respond to his appeal within thirty days does not rise to the level of an "extraordinary circumstance" required for equitable tolling. *See Hickey v. Senkowski*, No. 02 Civ. 1437 (DC), 2003 WL 255319, at *4 (S.D.N.Y. Feb. 4, 2003) ("Even a *pro se* plaintiff's misapprehension of the law regarding the statute of limitations does not constitute 'extraordinary or unusual circumstances' preventing him from filing a timely petition). Plaintiff provides no further explanation for his inaction between April 2012 and May 2015, and thus, equitable tolling of the three-year statute of limitations period is not warranted.

an Article 78 proceeding.[8] *Id.* Since Plaintiff filed his appeal on Wednesday, April 18, 2012, his constitutional claim accrued no later than Wednesday, May 2, 2012 – ten business days after he filed his appeal. *See Davis*, 576 F.3d at 132 (holding that plaintiff's due process action accrued when appeal decision was rendered). Accordingly, Plaintiff had three years from May 2, 2012, when his due process claim accrued, to bring suit. Because Plaintiff did not file a complaint until May 27, 2015, his claims are time-barred. *See, e.g.*, *Taylor v. N.Y.S. Dep't of Corr.*, 2004 WL 2979910, at *11 (S.D.N.Y. Dec. 22, 2004) (noting that despite plaintiff not receiving a response to his grievance, IGRP rules clearly state that he had the right to appeal four business days after filing his grievance and finding that claims are time-barred even after tolling statute of limitations until that date). Importantly, even if we calculated the limitations period as starting from Plaintiff's mistaken date of thirty days after he appealed to Warden Newton – May 18, 2012 – his claim would still be time-barred because he filed this action more than three years after that date.[9]

---

[8] To the extent that Plaintiff can be said to argue that he had to wait for a reversal or invalidation of the disciplinary disposition from Warden Newton before pursing his Section 1983 claims in federal court, this claim is unavailing. Because Plaintiff did not allege that the fifteen day penalty "affected the fact or duration of his overall confinement," he was not required to obtain a reversal of his disciplinary proceedings before filing his Section 1983 claims in federal court. *See Peralta v. Vasquez*, 467 F.3d 98, 100 (2d Cir. 2006); *Sims v. Artuz*, 230 F.3d 14, 24 (2d Cir. 2000) (holding that because plaintiff "did not challenge the disciplinary proceedings on the basis that they affected the overall length of his confinement," plaintiff did not have to show that the disciplinary rulings had been invalidated before pursuing his Section 1983 due process claims in federal court)

[9] Plaintiff claims that he signed the Complaint on May 18, 2015 and gave it to a notary public to file. Pl. Opp. at ¶ 9. However, the Complaint was not filed until May 27, 2015. Since Plaintiff was not incarcerated at the time of his filing, the "prison mailbox rule" does not apply. *See Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993) (finding that a *pro se* prisoner's complaint is deemed filed on the date the prisoner turns his complaint over to prison officials). No similar accommodation is made for an individual who is not incarcerated. And mere ignorance of the law is insufficient to delay the accrual of the statute of limitations. *See Ormiston v. Nelson*, 117 F.3d 69, 72 n.5 (2d Cir. 1997); *see also supra*, note 5. This is true even for *pro se* petitioners. *See Gonzalez-Ramos v. United States*, 2007 WL 1288634, at *10 (S.D.N.Y. May 2, 2007) (collecting cases).

### B. The Continuing Violation Doctrine Does Not Apply

Plaintiff contends that the continuing violation doctrine applies to preserve his claims. Pl. Opp. at ¶ 6. In order to assert the doctrine, Plaintiff must demonstrate "specific ongoing discriminatory policies or practices, or where specific and related instances of discrimination are permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice." *Cornwell v. Robinson*, 23 F.3d 694, 703 (2d Cir. 1994). Importantly, "'courts of this circuit consistently have looked unfavorably on continuing violation arguments . . . and have applied the theory only under compelling circumstances.'" *Blankman v. Cnty. of Nassau*, 819 F. Supp. 198, 207 (E.D.N.Y. 1993) (quoting *Blesedell v. Mobil Oil Co.*, 708 F. Supp. 1408, 1415 (S.D.N.Y. 1989). Indeed, "[t]he mere fact that wrongful acts may have a continuing impact is not sufficient to find a continuing violation." *Blankman,* 819 F. Supp. at 207; *see also Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999) ("We have made it clear that a continuing violation cannot be established merely because the claimant continues to feel the effects of a time-barred discriminatory act."). "Nor may it be based on 'the fact that the plaintiff's ongoing protests, objections, requests for reconsideration, and persistent demands for administrative and judicial review have caused the dispute to linger to the present day.'" *McFadden v. Kralik*, No. 04 Civ. 8135 (RCC) (JCF), 2007 WL 924464, at *7 (S.D.N.Y. Mar. 28, 2007) (quoting *Yip v. Bd. of Trs. of State Univ. of N.Y.,* No. 03 Civ. 0959, 2004 WL 2202594, at *5 (W.D.N.Y. Sept. 29, 2004)).

The continuing violation doctrine is inapplicable here. Plaintiff argues that Warden Newton's failure respond to his appeal is sufficient to trigger the doctrine. Pl. Aff. Opp. ¶ 6. He notes that as of the filing of the instant Complaint, Warden Newton had still not responded. *Id.* However, here, Plaintiff's claims are based on a single, allegedly inadequate disciplinary

hearing, and not "a series of separate acts that collectively constitute one unlawful [act]." *McFadden*, 2007 WL 924464, at *7 (holding that continuing violation doctrine did not apply because plaintiff's due process claim arose from his disciplinary hearing, which constituted a discrete incident).  Additionally, Plaintiff has not alleged that the violation was "permitted to continue unremedied for so long as to amount to a discriminatory policy or practice."  *Young v. Strack*, No. 05 Civ. 9764 (WHP), 2007 WL 1575256, at *4-*5 (S.D.N.Y. May 29, 2007) (quoting *Velez v. Reynolds*, 325 F. Supp. 2d 293, 312 (S.D.N.Y. 2004)).  Although Warden Newton had not responded to Plaintiff's appeal by the time Plaintiff filed his complaint, Plaintiff does not allege that he was in any way hindered from filing a petition for a writ under Article 78 or pursuing his claim in federal court once the ten days for Warden Newton's response had expired.  *See Davis*, 576 F.3d at 132 (holding that inmate's appeal of a disciplinary hearing determination "constitutes exhaustion under the PLRA for purposes of rendering his due process claim ripe for adjudication in federal court").

Accordingly, the continuing violation doctrine does not toll Plaintiff's claims.

### C.  New York State and City Law Claims

Warden Newton has also moved to dismiss Plaintiff's state law claims.  Where as here, the Court has dismissed all of the claims over which it has original jurisdiction, it may decline to exercise jurisdiction over any non-federal claims over which it could have exercised supplemental jurisdiction.  28 U.S.C. § 1367(c)(3).  Subject matter jurisdiction in the instant action is based on federal question jurisdiction.  28 U.S.C. § 1331.  Having dismissed all of Plaintiff's federal claims under Rule 12(b)(6) as untimely, the Court declines to exercise supplemental jurisdiction over his state law claims.  *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial . . . the state

claims should be dismissed as well."); *McGugan v. Aldana-Bernier*, No. 11 Civ. 0342 (TLM), 2012 WL 1514777, at *8 (E.D.N.Y. Apr. 30, 2012) ("[W]hen all federal claims are eliminated in the early stages of litigation, the balance of factors generally favors declining to exercise pendent jurisdiction over remaining state law claims and dismissing them without prejudice."), *aff'd*, 752 F.3d 224 (2d Cir. 2014). Therefore, Plaintiff's state law claims are hereby dismissed as well.

## V. Conclusion

For the reasons set forth above, Warden Newton's motion to dismiss is GRANTED.

The Clerk of the Court is respectfully directed to terminate the motion, Doc. 15, mail a copy of this Order to Plaintiff, and close the case.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Opinion and Order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

It is SO ORDERED.

Dated:   September 28, 2016
         New York, New York

                                                _____
                                                Edgardo Ramos, U.S.D.J.